UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-CR-175 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| BRIAN K. LEACH, JR., | |
| Defendant(s). | |

Presently before the court is defendant Brian Leach's *pro se* motion for early termination of supervised release. (ECF No. 10). The government filed a response. (ECF No. 12). For the reasons stated below, the court denies Leach's motion.

Leach was sentenced to 100 months in prison, followed by five years of supervised release for conspiracy to distribute more than 1,000 kilograms of marijuana and conspiracy to commit money laundering. (ECF No. 4). Leach's term of supervised release commenced on March 18, 2021. (ECF No. 12). On November 2, 2023, this court denied Leach's first motion for early termination of supervised release. (ECF No. 9).

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors outlined in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4).

James C. Mahan
U.S. District Judge

1    To warrant termination, the defendant need not show undue hardship, changed

2    circumstances, or even exceptionally good behavior. *United States v. Ponce*, 22 F.4th 1045, 1047

3    (9th Cir. 2022). But the defendant still carries the burden to show that, on balance, the relevant

4    sentencing factors weigh in favor of termination. *Id.* Mere compliance with supervised release

5    conditions, without more, is not enough to modify or terminate supervision. *United States v.*

6    *Boozer*, No. 2:12-cv-00004-APG-EJY, 2019 WL 7666537, at *1 (D. Nev. Oct. 1, 2019). District

7    courts enjoy "broad discretion in determining whether to grant a motion to terminate supervised

8    release." *Emmett*, 749 F.3d at 819.

9    Leach argues that he has been in full compliance with his supervision, and he has "had

10    steady employment, residence, and family life." (ECF No. 10 at 2). The government argues that

11    Leach played an aggravated role in the underlying offense, mere compliance with the terms of

12    supervision is not enough, and supervision does not prohibit Leach from traveling for work. (ECF

13    No. 12).

14    The *Guide to Judiciary Policy*[1] instructs that there is a presumption in favor of early

15    termination for defendants who have served at least 18 months of supervised release and meet

16    several other criteria. The court finds that Leach still presents a risk of harm to the public. *See* 8E

17    *Guide to Judiciary Policy* § 360.20 (2024). Therefore, the presumption in favor of early

18    termination does not apply.

19    Thus, after considering the relevant statutory factors; (1) the nature and circumstances of

20    the offense and defendant, (2) deterrence of future criminal conduct, (3) the need to protect the

21    public from future crimes, (4) providing the defendant with needed treatment and services, (5)

22    other kinds of sentences available, (6) the pertinent sentencing commission policy statements, (7)

23    the need to avoid sentencing disparities, and (8) defendant's restitution obligations; the court finds

24    that termination is not warranted in the interest of justice. 18 U.S.C. § 3583(e)(1).

25

26

27    [1] The Administrative Office of the United States Courts ("AO"), under the Judicial

28    Conference's direction, publishes the Guide to Judiciary Policy, which is "the official repository of the federal judiciary's administrative policies." AO, *Guide to Judiciary Policy*, https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy (last visited August 16, 2024).

James C. Mahan
U.S. District Judge

1    While the court commends Leach on his gainful employment and compliance with the

2 terms of supervision, the court is not convinced that terminating supervised release would benefit

3 Leach and the public.  The need to protect the public from future crimes and the deterrence of

4 future criminal conduct weigh in favor of denying Leach's motion.  *See id*.

5    Moreover, Leach has not shown that something "of an unusual or extraordinary nature,"

6 along with full compliance warrants termination of supervision.  *Boozer*, 2019 WL 7666537, at

7 *1-2 (citations omitted).  The court finds that early termination of Leach's supervision is not

8 warranted at this time.

9    Accordingly,

10    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Leach's motion for early

11 termination of supervised release (ECF No. 10) be, and the same hereby is, DENIED.

12    DATED October 30, 2024.

13 _____

14 UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -